FILED
SUPERIOR COURT
OF GUAM

2020 APR -2 PM 12: 19

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DFS GUAM L.P., <br><br> Plaintiff, <br><br> vs. <br><br> LOTTE DUTY FREE GUAM, LLC, <br><br> Defendant. | CIVIL CASE NO. CV0943-14-01 <br> CIVIL CASE NO. CV0094-15-01 <br> (Consolidated) <br><br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 20, 2019, upon the Defendant's Motion for Reconsideration of the Court's Decision and Order on DFS' Motion Pursuant to the Citizen Participation in Government Act ("Motion for Reconsideration") filed September 6, 2018. Plaintiff DFS Guam L.P. ("DFS") was represented by Attorneys G. Patrick Civille and Daniel Weiss. Defendant Lotte Duty Free Guam, LLC ("Lotte") was represented by Attorneys Cesar C. Cabot, Steven Maddison, and Young-Hee Kim. Having reviewed all briefs and oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

This matter arises from a procurement dispute between DFS and Lotte. Both the procedural history and facts of this matter have been thoroughly outlined in the various pleadings, orders, and appeals in the record. Thus, the following facts are only those pertinent to the instant Motion for Reconsideration.

Lotte's Motion for Reconsideration asks the Court to reconsider its July 30, 2018 Decision and Order granting DFS' Motion Pursuant to the Citizen Participation in Government

Act ("CPGA") to Dismiss Lotte's Counterclaims ("DFS' CPGA Motion"), on the bases that the Court failed to consider material facts in the record, and that new material facts have emerged since the Court's decision. The Court's decision determined that Lotte violated the CPGA by bringing its three counterclaims against DFS for engaging in conduct protected by the CPGA[1]. Thus, the Court granted DFS' CPGA Motion, Request for Attorneys' Fees, and Request for Sanctions, thereby dismissing all three of Lotte's counterclaims with prejudice.

Specifically, Lotte argues that the Court failed to consider the CPGA Supplement in the record. On March 23, 2017, Lotte filed a Motion to Supplement the Record regarding its Opposition to DFS' CPGA Motion with an accompanying Declaration of Counsel ("CPGA Supplement") requesting that the Court consider declarations submitted by the A.B. Won Pat International Airport Authority ("GIAA") in the Procurement Action.[2] *See DFS v. GIAA*, Civil Case No. CV0943-14 (consolidated with Civil Case Nos. CV0094-15 and CV0198-15) (Guam Super. Ct.). In both the Motion to Supplement and the instant Motion for Reconsideration, Lotte argues that the GIAA Declarations submitted in the Procurement Action contain substantial evidence demonstrating that DFS did not engage in legitimate petitioning activity that entitled it to seek refuge under the CPGA. On March 15, 2018, DFS filed an Opposition to Lotte's Motion to Supplement asserting that none of the documents contained in the GIAA Declarations had any bearing on the relevant issues presented in DFS' CPGA Motion.[3] Lotte filed a Reply to DFS' Opposition to Lotte's Motion to Supplement on March 23, 2018.

---

[1] On October 24, 2016, Lotte filed its Answer and Counterclaim to DFS' complaints. Lotte asserted three counterclaims against DFS: 1) malicious prosecution; 2) malicious abuse of process; and 3) intentional interference with contract. On November 14, 2016, Lotte filed a First Amended Answer to Complaints and Counterclaim, asserting the same three counterclaims.

[2] On September 18, 2015, the Court dismissed the Procurement Law causes of action against Lotte. *See* DFS Guam, L.P. v. The A.B. Won Pat Int'l Airport, Guam, Civil Case No. CV0943-14, *Decision and Order* (Sept. 18, 2015). On June 6, 2016, the Court severed the remaining tort claim from the procurement law claims against GIAA, and created a new case for DFS' intentional interference with prospective economic advantage claim against Lotte. *See* DFS Guam, L.P. v. The A.B. Won Pat Int'l Airport, Guam; Lotte Duty Free Guam, LLC, *et al.*, Civil Case No. CV0094-15, *Decision and Order* (June 6, 2016).

[3] On April 6, 2017, the Court stayed the instant proceeding pending disposition of the Procurement Action. The Court lifted the stay on February 6, 2018.

Further, Lotte argues that reconsideration is proper because the "Statement of Indictment" filed in South Korea on July 19, 2018 ("Korea Indictment"), against a former Lotte employee, constitutes a new material fact demonstrating that DFS did not engage in legitimate petitioning activity. Lotte argues that the Korean government's recent indictment of a former Lotte employee alleging that a former employee disclosed Lotte's trade secrets at the behest of DFS, is a newly emerged material fact that further demonstrates that DFS cannot seek refuge under the CPGA. DFS, on the other hand, contends that the Korea Indictment does not contain any new material facts as the indictment neither names DFS as a defendant nor alleges any wrongdoing on the part of DFS. DFS also asserts that none of the allegations against the former Lotte employee have any bearing on whether DFS' actions upon which Lotte's counterclaims are based were a sham or constituted illegitimate petitioning activity. Thus, DFS argues that the Korea Indictment is not a new material fact sufficient to warrant the Court's reconsideration of its July 30, 2018 Decision and Order.

The Court heard oral arguments on Lotte's Motion for Reconsideration on December 20, 2019. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Courts have the inherent authority to reconsider its own decisions. *People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 26 (citing *Guam Hous. and Urban Renewal Auth. V. Pac. Superior Enter. Corp.*, 2001 Guam 8 ¶ 13 (holding that "[i]nterlocutory orders are subject to reconsideration by the court at any time"). Motions for reconsideration of a Court's prior order are governed by Rule 7.1(i) of the Local Rules of the Superior Court of Guam. Civil Rule 7.1(i) provides in relevant part:

> A motion for reconsideration of a decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

The Supreme Court of Guam has explained that motions for reconsideration are appropriate where the trial court: "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38 (citing *Ward v. Reyes*, 1998 Guam 1 ¶ 10 (reviewing the grant of reconsideration pursuant to GRCP 59(e)); *Rong Chang Co., Ltd., Inc. v. M2P, Inc.*, 2012 Guam 1 ¶ 18 (holding that the standard of review is identical under both GRCP 59(e) and GRCP 60(b)); *State v. Fitzsimmons*, 668 A.2d 453, 456 (N.J. Super. 1995) (motions for reconsideration are not avenues to re-argue motions already decided, but to allow the unfavorable party to make a statement regarding the matters or controlling decisions which the party believes the court has overlooked or as to which it has erred). Further, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." CVR 7.1(i).

## I. The Court did not fail to consider material facts in the record.

Lotte asserts that it is entitled to reconsideration of the Court's July 30, 2018 Decision and Order granting DFS' CPGA Motion pursuant to Local Rule CVR 7.1(i)(3) because the Court failed to consider the declarations and documents attached to Lotte's Motion to Supplement. Lotte however, must make a *"manifest showing* of a failure [by the Court] to consider *material facts*." CVR 7.1(i)(3) (emphases added). First, despite Lotte's contention that the Court did not consider GIAA's declarations in its Motion to Supplement, the Court assures the parties that it reviewed and considered all material facts and evidence in the record before rendering its decision on DFS' CPGA Motion. This included GIAA's declarations and the documents attached to Lotte's Motion to Supplement. Although previously filed in the Procurement Action, the Court nonetheless conducted another review of GIAA's declarations in light of the issues relevant to DFS' CPGA Motion upon the filing of Lotte's Motion to Supplement. Second, although the Court did not explicitly rule on Lotte's Motion to Supplement, the Court expressly stated in its decision that it reviewed all briefs and oral arguments. On May 3, 2018, at the hearing on DFS' CPGA Motion, Lotte argued that DFS had engaged in anti-competitive conduct, citing specifically to the declarations contained in Lotte's

Motion to Supplement. In fact, Lotte read in to the record one of the documents contained in GIAA's declarations filed in the Procurement Action. Consequently, at the conclusion of the hearing, not only did the Court go back and review the oral arguments made by the parties – which included arguments made by Lotte regarding those GIAA declarations – the Court also examined all written briefs, including Lotte's Motion to Supplement.

Moreover, none of the declarations or documents attached to Lotte's Motion to Supplement are necessarily material to the issues specific to DFS' CPGA Motion. In other words, none of GIAA's declarations or the documents attached demonstrate that DFS' actions upon which Lotte's counterclaims are based – DFS' submission of procurement protests, filing of litigation, DFS' communications with GIAA regarding its procurement protests, and its public statements regarding GIAA's and Lotte's misconduct – were a sham or illegitimate petitioning activity. Even if the Court were to consider GIAA's declarations in the context of DFS' CPGA Motion in this Interference Action, none of those documents would tend to prove whether or not DFS' conduct alleged in Lotte's counterclaims was genuinely aimed at procuring favorable government action. *Guam Greyhound, Inc. v. Brizill*, 2008 Guam 13 ¶ 39. Accordingly, the Court finds that Lotte has not made a ***manifest showing*** that the Court failed to consider the ***material facts*** presented to it and therefore, declines to reconsider its decision on this basis.

Additionally, Lotte argues that the Court failed to consider facts in Lotte's Verified Counterclaims, which Lotte maintains should have been treated as an affidavit. Specifically, Lotte cites to paragraph 48 of its Counterclaims which it asserts further demonstrates why DFS should not be allowed to seek refuge under the CPGA.[4] DFS however, argues that the Court was not required to rely on Lotte's statements in its pleadings as Motions to Dismiss pursuant to the CPGA are "treated as one for summary judgment." 7 GCA § 17106(a). The Court agrees.

---

[4] Paragraph 48 of Lotte's Counterclaims states: "Further evidencing DFS' malice and anti-competitive conduct, on *information and belief*, in mid-2015, DFS threatened to halt a tourist shuttle's access to DFS' T-Galleria in Tumon if that shuttle continued displaying advertisements for Lotte." Lotte's Am. Answer & Countercl. at ¶ 48 (emphasis added).

In its July 30, 2018 Decision and Order, the Court discussed in great detail the summary judgment standard applicable to CPGA motions. Ultimately, the Court found that the CPGA did not conflict with the Guam Rules of Civil Procedure, and held that the Legislature properly exercised it authority to create a defense to a cause of action that would adhere to summary judgment standards, but with a higher level of scrutiny.[5] Thus, the rules for summary judgment were applicable to DFS' CPGA Motion. *See* Guam R. Civ. P. 56.

Although Section 17106 of the CPGA states "the court shall make its determination based on the facts contained in pleadings and affidavits filed," Rule 56(e) of the Guam Rules of Civil Procedure also provides in relevant part:

> When a motion for summary judgment is made and supported . . . an adverse party *may not rest upon the mere allegations or denials of the adverse party's pleadings*, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

GRCP Rule 56(e) (emphasis added). In other words, if the movant demonstrates a lack of a genuine issue of material fact, "the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Edwards v. Pacific Fin. Corp. et al.*, 2000 Guam 27 n. 7 (citations omitted). Here, Lotte cannot simply rely on the statements made in its Counterclaims, including those made on information and belief, to satisfy its burden by clear and convincing evidence, that the activity in question was either illegitimate activity or a sham. Thus, because the Court was not required to rely on those statements made in Lotte's Counterclaims, the Court did not fail to consider them. Accordingly, the Court finds that Lotte has not made a manifest showing that the Court failed to consider the material facts presented to it and therefore, declines to reconsider its decision on this basis.

---

[5] The CPGA instructs the Court to view such motions as a summary judgment motion. If the Court finds that a motion is brought over activity protected by the CPGA, the burden of proof shifts to the responding party to show clear and convincing evidence (as supposed to a preponderance of the evidence) that the activity in question was either non-immunized activity or a sham. The Court must grant the motion if the responding party cannot meet their burden.

## II.     The Korea Indictment is not a new material fact.

Finally, Lotte argues that reconsideration of the Court's July 30, 2018 Decision and Order granting DFS' CPGA Motion pursuant to Local Rule CVR 7.1(i)(2) is warranted because a new material fact has since emerged. Specifically, Lotte asserts that the Korea Indictment filed against a former Lotte employee, constitutes a new material fact demonstrating that DFS did not engage in legitimate petitioning activity. The Court disagrees. A review of the Korea Indictment reveals that DFS is neither named as a defendant nor specifically alleged to have engaged in any wrongdoing. Although the Korea Indictment alleges that the former Lotte employee gave DFS certain information regarding Lotte's GIAA proposal, it does not specifically implicate DFS as Lotte suggests. Furthermore, the indictment, in and of itself, does not constitute a new material fact. *See Hemlani v. Hemlani*, 2015 Guam 16 ¶ 12 ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). The Korea Indictment and the allegations contained therein are not necessarily material to the issues specific to DFS' CPGA Motion. In other words, like the GIAA declarations attached to Lotte's Motion to Supplement, the indictment does not demonstrate, by clear and convincing evidence, that DFS' actions upon which Lotte's counterclaims are based – DFS' submission of procurement protests, filing of litigation, DFS' communications with GIAA regarding its procurement protests, and its public statements regarding GIAA's and Lotte's misconduct – were a sham or illegitimate petitioning activity. Thus, the Korean Indictment does not constitute a new material fact warranting reconsideration of the Court's July 30, 2018 Decision and Order. Accordingly, the Court declines to reconsider its decision on this basis.

## III.     Remedies Available to DFS.

The Guam Legislature contemplated the imposition of sanctions on violators of the CPGA. The relevant section, Title 7 GCA § 17106(g), states:

> [T]he court shall award *a moving party who is dismissed*, without regards to any limit under Guam law:
> (1) costs of litigation, including reasonable attorney and expert witness fees, incurred in connection with the motion; and

(2) such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated.

7 GCA § 17106(g). The "[u]se of the word 'shall' within the statute makes clear that both the imposition of sanctions and the award of attorney's fees is mandatory, rather than permissive." *Enriquez v. Smith*, 2015 Guam 29 ¶ 26.

Here, DFS requests the Court to award its attorneys' fees in connection with opposing Lotte's Motion for Reconsideration. The Court, having found that all three of Lotte's counterclaims violate the CPGA, and having denied Lotte's Motion for Reconsideration of the Court's July 30, 2018 granting DFS' CPGA Motion, must award DFS its attorneys' fees. Accordingly, the Court **AWARDS** DFS the attorneys' fees incurred in connection with opposing Lotte's Motion for Reconsideration.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Lotte's Motion for Reconsideration of the Court's Decision and Order granting DFS' Motion Pursuant to the Citizen Participation in Government Act.

**IT IS SO ORDERED** ___APR 0 2 2020___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**